## MOSCHETTO v. ILLINOIS CENTRAL R. R. CO.

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(March 3, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

Chas. I. Denechaud, Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, R. V. Fletcher, of Chicago, Ill., Chas. N. Burch, of Memphis, Tenn., and Hunter C. Leake, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff is the widow of Saverio Riola, who, while crossing defendant's tracks on Calliope street near the river front in New Orleans, was killed by a locomotive. The decedent had been engaged as a "water boy" in the hold of a ship of the United Fruit Company while a banana cargo was being unloaded. Shortly after midnight the discharge of the cargo was completed and decedent started on his way home. He walked along the river front from the unloading shed to Calliope street and then turned from the river and proceeded along Calliope street for a distance of a few hundred feet and was struck just as he was crossing one of the many tracks which intersect that street. In the petition it is charged that, as he approached the track, there was a locomotive standing still with its tender or rear end extending partially across Calliope street; that a switchman of defendant company was about one hundred yards down the track, across Calliope street; that this switchman signaled the engineer to proceed, and that the locomotive then suddenly started across the street, without signal or warning of any kind, and ran over and killed decedent.

The evidence shows that the locomotive, with the tender or rear end in front, and attached to a string of box cars, had not been standing still, as alleged, but had been proceeding slowly towards the crossing from a point nearly six hundred feet away. In fact plaintiff made no effort to prove the allegations of her petition to the effect that the locomotive had been standing motionless and had started suddenly and without warning, but offered evidence tending to show that the headlight of the

locomotive had not been burning, that the whistle was not blown, and that the bell was not rung.

Defendant contends that the electric headlight was burning; that the automatic bell was ringing and that the whistle was being continually blown because of pedestrians who were walking near the track in the direction in which the locomotive was proceeding; that the speed of the train was less than six miles an hour and that decedent, who had been standing in a safe position alongside the track, suddenly attempted to rush across when there was no longer sufficient time for him to do so.

The evidence overwhelmingly sustains defendant's contention and amply justifies the finding of the trial judge in favor of defendant.

It is charged that it is negligence to operate a locomotive with the tender or rear end in front and also that, in such a locality, a flagman should be stationed to warn pedestrians.

The evidence convinces us that it is quite customary to operate switch engines in that manner, and that no additional danger attends such operation. See Ladner v. N. O. Terminal Co., 139 La. 262, 71 So. 503.

Nor does it appear that there was any necessity for a flagman at that crossing at that time of night. Although during the day that crossing is, no doubt, much frequented, the record shows that at night it is isolated and is little used by traffic. Furthermore, neither the fact that the tender preceded the locomotive, nor the fact that there was no flagman present, in any way contributed to the unfortunate result, since it seems quite certain that decedent saw the train coming and at the last moment tried to hurry across in front of it. Under such circumstances we are unable to find that a flagman could have done anything to prevent the accident, and the fact that the tender preceded the main portion of the locomotive made no difference whatever in the unfortunate result. The testimony of plaintiff's witnesses as to the ringing of the bell, the blowing of the whistle, and as to whether or not the headlight was burning, is most unsatisfactory, whereas the testimony of the witnesses for defendant—both those in the employ of the company and those disinterested outside witnesses who saw the occurrence—is most convincing. We find that there was no negligence in defendant company.

The judgment appealed from is affirmed.